NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEWUANE JACKSON-BEY, | |
| Plaintiff, | Civil Action No. 20-15427 (MAS) (DEA) |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**SHIPP, District Judge**

Pro se Plaintiff Dewuane Jackson-Bey has filed a "Notice of Removal" seeking to remove his state court criminal case to federal court. (Notice of Removal, ECF No. 1.) He has also filed an application to proceed *in forma pauperis* ("IFP"). (IFP Appl., ECF No. 1-1.) As an initial matter, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. The Court must now screen the matter pursuant to 28 U.S.C. § 1915 to determine whether the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

It appears from Plaintiff's filings that he was arrested on February 26, 2020 and charged with several drug related offenses. (Warrant 3–5[1], ECF No. 1-2.) Plaintiff's Notice of Removal seeks to remove his state court criminal case from Somerset County Superior Court to the District of New Jersey. (Notice of Removal 1.) Plaintiff contends that his case is "too complex" for the Somerset County judicial system. (*Id.* at 1, 3, 6.) He alleges that jurisdiction is not properly laid in Somerset County, that the prosecutor refuses to provide him with a copy of the affidavit used to

---

[1] Page numbers refer to those located on the ECF header.

obtain a search warrant for his property, that the judge's issuance of the search warrant "circumvented the entire process of the proper venue and jurisdiction," and that the court refuses to move his case along in a timely manner. (*Id.* at 3, 6.)

When a defendant removes a case to federal court, the district court must remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)). A notice of removal must include "all grounds for such removal. A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds[.]" 28 U.S.C. § 1446(c)(2).

Criminal prosecutions may be removed from state courts to federal courts only under limited circumstances. *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016); *see also* 28 U.S.C. § 1445 (setting forth the procedure for removal of criminal prosecutions). Sections 1442 and 1443(1)-(2) of Title 18 provide guidance regarding those limited circumstances. *See* 28 U.S.C. §§ 1442, 1443. Section 1442 "allows for removal of state criminal prosecutions in certain instances against federal officers or agencies," as well as "removal of certain state court criminal prosecutions against members of the armed forces." *Werdebach v. Ebert*, No. 19-1198, 2019 WL 3788272, at *1 (M.D. Pa. July 19, 2019), *report and recommendation adopted*, No. 19-01198, 2019 WL 3776615 (M.D. Pa. Aug. 12, 2019). Section 1443(1) allows for the removal of a state law criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). If a defendant seeks removal

to federal court under § 1443(1), they must satisfy a two-part test: "he must allege a denial of his rights on account of race and that he cannot enforce his federal rights in state court." *Delaware v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (citing *Johnson v. Mississippi,* 421 U.S. 213, 219–20 (1975)).  Lastly, § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).  This subparagraph only applies, however, to "'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights,' . . . and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir.), *cert. denied*, 141 S. Ct. 180, 207 L. Ed. 2d 1110 (2020) (internal citation omitted) (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)); *see also Greenberg v. Veteran*, 889 F.2d 418, 421 (2d Cir. 1989) ("The purpose of 'refusal clause' is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval.").  Thus, individuals who are not federal or state officers may not use this subparagraph as a basis for removal. *Desmond*, 792 F. App'x at 242.

Importantly, "removal is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotation marks omitted).  "The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal[.]" *Brown-Bey*, 637 F. App'x at 688.

Here, Plaintiff has not demonstrated that he is entitled to removal of his state criminal

proceedings under either § 1442 or § 1443.  Petitioner does not allege that he is a federal officer, state officer, or member of the armed forces as required under § 1442 or § 1443(2).  (*See generally* Notice of Removal.)  Nor does Plaintiff allege that he has been denied his rights on account of his race, or that he is unable to enforce those rights in state court as required by § 1443(1).  (*See generally* Notice of Removal); *see also* 28 U.S.C. § 1443(1).  Accordingly, since Plaintiff has not satisfied any of the substantive criteria required to remove his criminal prosecution to federal court, the Court will therefore remand this matter.

**IT IS THEREFORE** on this ___8th___ day of ___March___, 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**;

**ORDERED** that this matter be **REMANDED** to the Somerset County Superior Court; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff via regular U.S. mail and shall mark this matter as **CLOSED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**